IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEROY TILLMAN,

    Petitioner,                       No. CIV S-07-0111 MCE KJM P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies with respect to those claims identified as claims three and four in his petition. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

Petitioner has two options. Within thirty days: (1) petitioner may file an amended habeas application omitting all claims for which petitioner has failed to exhaust state court remedies;[2] or (2) file a request to stay this action pending exhaustion of state court

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one

2

1 remedies with respect to the unexhausted claims.  Petitioner is informed that to be entitled to a
2 stay, he must show good cause for his failure to exhaust earlier, and that the unexhausted claims
3 are potentially meritorious.  <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct.  1528, 1535 (2005).
4 Petitioner's failure to comply with one of these alternatives within thirty days will result in a
5 recommendation that this action be dismissed.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Petitioner's application to proceed in forma pauperis is granted; and

      2.  Petitioner is granted thirty days within which to inform the court how he
wishes to proceed with this matter by choosing one of the alternatives described above.  If
petitioner fails to so inform the court within thirty days, the court will recommend that this
action be dismissed without prejudice.

DATED:  May 1, 2007.

_____
U.S. MAGISTRATE JUDGE

1
till0111.103(1.17.07)

---

year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).  Petitioner is advised a portion of the limitation period in his case appears to have already elapsed.